## Decker v. Quackenbush et al.

*Contract—Principal and agent—Contract of employment with parties who have agreed to incorporate—Partnership.*

Where several persons agree to incorporate and, through one of their number acting as their agent, employ another for services in the proposed business, and no company is incorporated, but the services are rendered, the person so employed may hold liable, as partners, the parties with whom he contracted.

Statutory demurrer. C. P. Lackawanna Co., May T., 1925, No. 7.

*Wallace G. Moser*, for plaintiff; *Charles B. Little*, for defendants.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 9, 1926.—It seems the defendants had joined themselves together for the purpose of engaging in the trucking and transfer business in the City of Scranton, and

Quackenbush v. Steckel et ux.

were so engaged in the month of June, 1923. They had purposed to become incorporated, which did not materialize. While intending to incorporate, D. C. Prevost, who the plaintiff alleges was the trustee or agent for his associates, entered into a written agreement with the plaintiff, hiring him as the manager for the concern, which agreement treats the defendants and refers to them as intended corporators. The plaintiff was to be paid the sum of $175 per month for his services from July 1, 1923. By virtue of this contract, the plaintiff entered upon his employment and so remained till April 30, 1924. It was also specified that the plaintiff was to have the option of becoming one of them in business, which option was to be open till Sept. 1, 1924, by contributing in cash the same sum paid in by each of the other four. We have nothing to show that this option was exercised, and, therefore, we presume it was not.

During the time of this employment, these defendants paid the plaintiff various sums of money from time to time, the last payment having been made on June 2, 1924.

This affidavit of defence sets up that the statement of claim is insufficient, and numerous exceptions to it have been filed, the main contention being that, as the plaintiff entered upon the duties of his employment with persons who intended to incorporate, and as the contract of service treats them thus, he now cannot bring suit against them as partners.

We do not consider this position as tenable. It is true he entered their service as persons intending to incorporate. That was what he understood from them, and, no doubt, they fully so intended. But that they did not do so is no fault of his. It would be rather an unfair method of procedure if this plaintiff had given these men his services for a year or more, and, through no fault of his, he would be debarred from recovering from them for his services because they had failed to do something beyond his authority and control. If this is the law, he might work for them an indefinite time, receive no pay during that time and then be barred from recovering compensation. This would open the door wide for all kinds of deception.

These other three defendants fully recognized Prevost's contract of hiring the plaintiff, as they permitted him to be and remain in their employ, paid him partly for it, and recognized and ratified his acts in their employment. We think it is now too late for them to attempt to repudiate the acts of Prevost in employing him. If done at all, it should have been done when the contract was entered into and when the plaintiff began his employment. But for them to sit by, enjoy the proceeds of this plaintiff's efforts in their behalf, and a year or more afterwards attempt to repudiate his employment because they failed to do something they told him they intended doing, we think would work gross injustice if countenanced by legal procedure.

The time for hair-splitting technicalities has gone by and the judiciary is every day trying more and more to get at the merits of each and every case brought.

We think the statement of claim sets up a good cause of action and that it is sufficiently clear to enable the defendants to fully understand the nature of the plaintiff's claim against them, and to enable them to fully prepare their affidavit of defence on the merits of the case, if any such exist.

And now, to wit, Oct. 9, 1926, the exceptions to the plaintiff's statement of claim, as set out in the affidavit of defence, are all dismissed, and the defendants are given fifteen days from this date in which to file their affidavit of defence on the merits of the case, to which ruling an exception is noted for the defendants and a bill is sealed.     From William A. Wilcox, Scranton, Pa.